**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEMOCRACY FORWARD FOUNDATION
1333 H St. NW
Washington, D.C. 20005,

*Plaintiff,*

v.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. NW
Washington, D.C. 20530,

*Defendant.*

Case No. 18-cv-

**COMPLAINT**

1. Plaintiff Democracy Forward Foundation brings this action against Defendant the United States Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"). Defendant has failed to sufficiently respond to Plaintiff's request for records concerning connections between Noel Francisco, Solicitor General of the United States, and Alliance Defending Freedom ("ADF"). Plaintiff therefore respectfully requests that the Court compel Defendant to comply with the FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

4. Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part by educating the public on government actions and policies.

5. Defendant DOJ is a federal agency within the meaning of the FOIA, *see* 5 U.S.C. § 552(f)(1), that is headquartered in Washington, D.C. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## FACTUAL ALLEGATIONS

6. On December 15, 2017, Plaintiff sent a FOIA request to two offices at DOJ—the Office of the Solicitor General ("OSG") and, care of the Office of Information Policy ("OIP"), the Office of the Associate Attorney General—concerning connections between Mr. Francisco and ADF. Plaintiff requested the following categories of records from DOJ:

1. All correspondence and communications, including attachments, between Mr. Francisco and any other individual or organization containing either "Alliance Defending Freedom" or "ADF."

2. All correspondence and communications, including attachments, between Mr. Francisco and any officer, employee, or representative of Alliance Defending Freedom. Search terms should include the following (and reasonable variants thereof):
    a. Alliance Defending Freedom
    b. ADF
    c. Michael P. Farris
    d. Alan Sears
    e. Bradley Abramson
    f. Brett Harvey
    g. Caleb Dalton
    h. Casey Mattox
    i. Christen Price
    j. Christiana Holcomb
    k. David A. Cortman
    l. Denise Burke

m. Denise Harle
n. Douglas H. Napier
o. Douglas Wardlow
p. Elissa Graves
q. Erik W. Stanley
r. Gary McCaleb
s. Glen Lavy
t. Gregory S. Baylor
u. Jake Warner
v. James Gottry
w. Jeremiah Galus
x. Jeremy Tedesco
y. Jim Campbell
z. Jonathan Scruggs
aa. Jordan Lorence
bb. Joseph Infranco
cc. Kate Anderson
dd. Kellie Fiedorek
ee. Ken Connelly
ff. Kerri Kupec
gg. Kevin Theriot
hh. Kristen K. Waggoner
ii. Kyle McCutcheon
jj. Matt Sharp
kk. Nathaniel Bruno
ll. Ray Kaselonis
mm. Rory Gray
nn. Ryan Tucker
oo. Samuel Green
pp. Timothy D. Chandler
qq. Travis Barham
rr. Tyson Langhofer
ss. Zack Pruitt

3. All of Mr. Francisco's calendar entries and meeting notes that reference Alliance Defending Freedom, ADF, or any officer, employee or representative of ADF. Search terms should include those listed above under Request No. 2 (and reasonable variants thereof).

Ex. A at 2-3. Plaintiff specified that the time period for the search runs from January 23, 2017, until the date the search is run. *See id.* at 3.

7. Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires a fee waiver if the disclosure is "in the public interest because

it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* Ex. A at 3-4.

8. On December 19, 2017, OSG acknowledged receipt of Plaintiff's FOIA request, referring to Plaintiff's request as OSG FOIA No. 2018-126992. Citing 5 U.S.C. § 552(a)(6)(B)(i)-(iii), OSG asserted that "[Plaintiff's] request falls within 'unusual circumstances,' and has been classified as 'complex,'" such that OSG "extend[ed] the time limit to respond to [Plaintiff's] request beyond the ten additional days provided by the statute."

9. On January 16, 2018, OIP acknowledged receipt of Plaintiff's FOIA request on behalf of the Office of the Associate Attorney General, referring to Plaintiff's request as DOJ-2018-001511 (ASG) VAV:BRB. Citing 5 U.S.C. § 552(a)(6)(B)(i)-(iii), OIP asserted that "'unusual circumstances'" justified its "extend[ing] the time limit to respond to [Plaintiff's] request beyond the ten additional days provided by the statute."

## CLAIM FOR RELIEF

### Count One (Violation of the FOIA, 5 U.S.C. § 552)

10. Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

11. As of the date of this Complaint, Defendant has failed to produce all records requested by Plaintiff in its December 15, 2018 FOIA request or to demonstrate that such records are lawfully exempt from production. *See* 5 U.S.C. § 552(a)(6)(C). Nor has Defendant notified Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

12. By failing to respond to Plaintiff's request within the statutorily prescribed time limit, Defendant has violated its duties under the FOIA, including but not limited to its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

13. Plaintiff is being irreparably harmed by Defendant's violation of the FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. order Defendant to conduct searches for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

2. order Defendant to produce, by a date certain, any and all nonexempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin Defendant from continuing to withhold any and all nonexempt records responsive to Plaintiff's FOIA request;

4. order Defendant to grant Plaintiff's request for a fee waiver;

5. grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. grant any other relief this Court deems appropriate.

Dated: April 24, 2018

Respectfully submitted,

/s/ *John T. Lewis*
John T. Lewis (D.C. Bar. No. 1033826)

Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jlewis@democracyforward.org

*Counsel for Plaintiff*